```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
STEPHEN DRAGO, Individually and as
Acting Chair and President of
"Neighborhoods Against Cell Towers,"

                        Plaintiffs,     08 Civ. 6356 (SCR) (LMS)

        - against -

JOHN S. GARMENT, Chairmen, and STEPHEN
 A. ALEXANDER, JOHN E. DURANTE,
CASIMIRO  V. CIBELLI, ARNOLD BERNSTEIN,
MICHAEL F. QUINN, and JOHN J. IORIS,
as Members of the Planning Board of the
City of White Plains; THE CITY OF WHITE
PLAINS, New York, and METROPCS NEW YORK,
LLC,

                        Defendants.
------------------------------------X
```

**CITY OF WHITE PLAINS DEFENDANTS**
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO**
**DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FRCP 12(b)(6)**

Edward P. Dunphy, Esq.

Corporation Counsel
City of White Plains
255 Main Street
White Plains, New York 10601
(914) 761-1300 Tel.
(914) 761-5372 Fax

**TABLE OF CONTENTS**

    **Page**

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT    . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   **PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED AND THIS COMPLAINT SHOULD BE DISMISSED**

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF AUTHORITIES**

**Cases**                                                                                                      **Page**

Cellular Telephone Company v. Town of Oyster Bay,
    166 F.3d 490 (2d Cir. 1999).....................   6

City of Rancho Palos Verde v. Abrams,
    544 U.S. 113 (2005)............................   7

Mason v. O'Brien,
    2002 WL 31972190 (N.D.N.Y. 2002)...............   7

Sprint Spectrum, L.P. v. Mills,
    65 F.Supp.2d 148 (S.D.N.Y. 1999)...............   6


**Statutes**                                                                                                  **Page**

Federal Rules of Civil Procedure Rule 12(b)(6) .......  1, 2, 9

47 U.S.C. § 332 ......................................     2

47 U.S.C. §332(c)(7)..................................     4

47 U.S.C. §332(c)(7)(B)............................... 2, 6, 7

47 U.S.C. §332(c)(7)(B)(v)............................ 1-4,6-8

PRELIMINARY STATEMENT

      This Memorandum of Law is respectfully submitted in support of the motion of defendants' John S. Garment, Chairman, and Stephen A. Alexander, John E. Durante, Casimiro V. Cibelli, Arnold Bernstein, Michael F. Quinn, and John J. Ioris, as Members of the Planning Board of the City of White Plains; the City of White Plains, New York ("the City Defendants") to dismiss the complaint herein on the basis that this Court has no jurisdiction over this matter because Plaintiffs' complaint fails to state a cause of action and should be dismissed pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6).

      The Plaintiffs herein are seeking a review of two decisions of the City Of White Plains Planning Board ("the Planning Board") which granted applications for special permits and site plan approval for two wireless telecommunications facilities. Plaintiffs' complaint clearly alleges that they disagree with the decisions of the Planning Board. Normally the allegations of the Plaintiffs' complaint would be contained in an Article 78 review of the Planning Board decision in New York State court based upon the standards of review under New York State law.  However, the Plaintiffs allege in paragraphs 1 and 3 of the complaint that the basis for jurisdiction over this matter in this Court is 47 U.S.C. §332(c)(7)(B)(v).

Plaintiffs have cited to a particular provision of the Telecommunications Act of 1996 as codified at 47 U.S.C. § 332 ("TCA"), 47 U.S.C. §332(c)(7)(B)(v), and argue that said section provides a jurisdictional basis for this action in federal court. However, that argument is based upon a misinterpretation of the TCA and ignores both the purpose and provisions of the TCA.

The purpose of the TCA was to encourage the expansion of wireless telecommunications services by private providers. Its provisions retained some authority for localities to utilize their zoning and other municipal authority in reviewing wireless telecommunications facilities subject to the limitations stated in 47 U.S.C. §332(c)(7)(B). Indeed, under the statutory scheme, the sole purpose of 47 U.S.C. §332(c)(7)(B)(v) is to allow telecommunications providers whose applications are denied by municipal bodies for reasons not permitted under 47 U.S.C. §332(c)(7)(B) access to the federal courts. Contrary to Plaintiffs allegations, said provision was never intended to allow a neighbor or neighborhood groups access to the federal courts to overturn the approval of a telecommunications facility.

It is likewise clear that there is no private right of action under the TCA which allows a private citizen to sue for relief under the TCA. As such, Plaintiffs' complaint herein should be dismissed pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6) for Plaintiffs' failure to state a claim

upon which relief can be granted by this Court.

**ARGUMENT**

**PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF
ACTION UPON WHICH RELIEF CAN BE GRANTED
AND THIS COMPLAINT SHOULD BE DISMISSED**

The City of White Plains Planning Board approved two special permit and site plan applications submitted by MetroPCS New York, LLC ("MetroPCS") for the erection of telecommunications facilities at two locations within the City of White Plains, 30 Lake Street and Bryant Avenue. Plaintiffs are the alleged owner of a unit in 30 Lake Street and an alleged organization of residents of White Plains opposed to cell towers. Plaintiffs have brought this proceeding claiming to be adversely affected parties as defined in 47 U.S.C. §332(c)(7)(B)(v) by the decisions of the White Plains Planning Board to **approve those two applications**. While this matter would appear to constitute a normal zoning appeal usually heard in New York State courts which review would be based on New York State law, Plaintiffs have alleged that the jurisdictional basis for this proceeding to be in federal court is 47 U.S.C. §332(c)(7)(B)(v), one provision of the TCA.

However, Plaintiffs are mistaken that 47 U.S.C. §332(c)(7)(B)(v) provides any jurisdictional basis for this action in a federal court. In fact, the provision cited by Plaintiffs does not provide a jurisdictional basis **for federal review of a local decision approving the siting of a wireless facility**. While plaintiffs allege that they are adversely affected parties under the cited section, it is clear from reviewing 47 U.S.C. §332(c)(7) that only telecommunications providers whose application has been denied are the intended beneficiary of 47 U.S.C. §332(c)(7)(B)(v).

While read alone 47 U.S.C. §332(c)(7)(B)(v) might appear to provide a jurisdictional basis for this action to be brought in federal court, perusal of the section within which this provision is located makes it clear that the argument is incorrect. The pertinent part of the Telecommunications Act, 47 U.S.C. §332(c)(7), provides as follows

" (7) Preservation of local zoning authority

```
(A) General authority
Except as provided in this paragraph, nothing in this
chapter shall limit or affect the authority of a State or
local government or instrumentality thereof over decisions
regarding the placement, construction, and modification of
personal wireless service facilities.


(B) Limitations
```

-4-

(i) The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof-

(I) shall not unreasonably discriminate among providers of functionally equivalent services; and

(II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services.

(ii) A State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request.

(iii) Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

(iv) No State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the Commission's regulations concerning such emissions.

(v) **Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph** may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis. Any person adversely affected by an act or failure to act by a State or local government or any instrumentality thereof that is inconsistent with clause (iv) may petition the Commission for relief." [emphasis added]

Under this provision of the TCA, local zoning authority is generally retained subject to specified limitations on the local zoning authority of municipalities to regulate the placement of wireless facilities stated in 47 U.S.C. §332(c)(7)(B). It should be noted that one of the main purposes of the TCA was to provide a pro-competitive, de-regulatory framework to help accelerate private development of advanced telecommunications and information technologies and services by opening to competition the telecommunications market nationwide. *See* Cellular Telephone Company v. Town of Oyster Bay, 166 F.3d 490 (2d Cir. 1999), *quoting* H.R. Conf. Rep. No. 104-458, January 31, 1996, Telecommunications Act of 1996. *See also* Sprint Spectrum, L.P. v. Mills, 65 F.Supp.2d 148 (S.D.N.Y. 1999) ("Congress passed the Telecommunications Act in an effort to increase competition in the telecommunications industry by placing certain limitations on local authorities' regulation of the placement, construction, and modification of personal wireless services facilities.") (emphasis supplied).

Further, the plain language of 47 U.S.C. §332(c)(7)(B)(v) makes clear that only a party affected by any final action denying the siting of a telecommunications facility or a failure to act on an application for such facility in contravention of the limitations on zoning power contained the subparagraph in which it is located, 47 U.S.C. §332(c)(7)(B), can

constitute an affected party under 47 U.S.C. §332(c)(7)(B)(v). Therefore the only party who could be an affected party under 47 U.S.C. §332(c)(7)(B)(v) is a party whose application for a wireless facility has been denied or one whose application was not acted upon by a local municipal body. Mason v. O'Brien, 2002 WL 31972190 (N.D.N.Y. 2002). Plaintiffs were not affected by 47 U.S.C. §332(c)(7)(B) since the City of White Plains Planning Board granted both MetroPCS applications at issue.

It is also black letter law that there is no private right of action under 47 U.S.C. §332 to enforce the provisions of the Telecommunications Act of 1996. City of Rancho Palos Verde v. Abrams, 544 U.S. 113 (2005); Mason v. O'Brien, 2002 WL 31972190 (N.D.N.Y. 2002). This is crystal clear in this matter since as shown above Plaintiffs are not even within the class of parties for whom generally the provisions of the TCA and in particular, 47 U.S.C. §332(c)(7)(B)(v), were enacted.

Finally, since the TCA provides no basis for this action to be in federal court, the crux of the action remaining concerns the propriety of the two Planning Board approvals of the MetroPCS applications based upon New York State law – a matter which should be heard in New York state courts. The review of a local municipal decision to allow the siting of a telecommunications proceeding should be heard by the courts of that state since their standards for judicial review of zoning

standards are the standards to be properly applied to this matter.

Since the only alleged basis for this proceeding to be in federal court is Plaintiff's misguided reliance on 47 U.S.C. §332(c)(7)(B)(v) it is respectfully submitted that this proceeding should be dismissed since Plaintiffs have failed to state a cause of action upon which relief can be granted.

**CONCLUSION**

For the foregoing reason, it is respectfully submitted that the Plaintiffs' action should be dismissed pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6) since Plaintiffs have failed to state a cause of action upon which relief can be granted and for such other and further relief which this court deems to be just and proper.

Dated:   White Plains, New York
         September 5, 2008

                                Respectfully submitted
                                EDWARD P. DUNPHY, ESQ.
                                Corporation Counsel
                                Attorney for City Defendants
                                255 Main Street
                                White Plains, New York 10601
                                (914) 422-1240

                        By: /s/ Arthur Gutekunst
                                Arthur Gutekunst (AG2422)
                                Sr. Asst. Corporation Counsel
                                Agutekun@ci.white-plains.ny.us