UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEPHEN DRAGO, Individually and as Acting Chair and
President of "Neighborhoods Against Cell Towers,"

                    Plaintiffs,         08 Civ. 6356 (SCR) (LMS)

    - against -

JOHN S. GARMENT, Chairman, and STEPHEN A.
ALEXANDER, JOHN E. DURANTE, CASIMIRO V.
CIBELLI, ARNOLD BERNSTEIN, MICHAEL F. QUINN,
and JOHN J. IORIS, as Members of the Planning Board
of the City of White Plains; THE CITY OF WHITE PLAINS,
New York, and METROPCS NEW YORK, LLC,

                  Defendants.
------------------------------------------------------------------------X

**DEFENDANT METROPCS NEW YORK, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)**

### CUDDY & FEDER LLP

Attorneys for Defendant MetroPCS
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
(914) 761-1300 Tel.
(914) 761-5372 Fax

C&F: 982823.6

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS .................................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 4

ARGUMENT ..................................................................................................................... 4

    PLAINTIFF HAS NO STANDING UNDER THE TCA TO CHALLENGE
    THE PLANNING BOARD'S DETERMINATIONS GRANTING METROPCS
    A SPECIAL PERMIT AND SITE PLAN APPROVAL TO CONSTRUCT THE
    WIRELESS TELECOMMUNICATIONS FACILITY AT ISSUE IN THIS ACTION .... 4

        A. There Is No Explicit Private Right Of Action Under The TCA
        For A Nonwireless Telecommunications Service Provider/Citizen
        Who Is Allegedly Aggrieved By The Determination Of A Local
        Zoning Board Allowing The Placement And Construction
        Of A Wireless Facility ................................................................................ 4

        B. There Is Similarly No Implied Right Of Action Under The TCA
        For A Nonwireless Telecommunications Service Provider/Citizen
        Who Is Allegedly Aggrieved By The Determination Of A Local
        Zoning Board Allowing The Placement And Construction
        Of A Wireless Facility ................................................................................ 8

CONCLUSION ................................................................................................................ 11

C&F: 982823.6

# TABLE OF AUTHORITIES

**Cases**                                                                                                                          **Pages**

ATC Realty Corp. v. Town of Kingston,
303 F.3d 91 (1st Cir. 2002) ............................................................................................... 11

Bellsouth Communications, Inc. v. Town of Palm Beach,
252 F.3d 1169 (11th Cir. 2001) ......................................................................................... 9

Cellular Telephone Company v. Town of Oyster Bay,
166 F.3d 490 (2d Cir. 1999) .............................................................................................. 9

Conboy v. AT&T,
241 F.3d 242 (2d Cir. 2001) .............................................................................................. 8

Connecticut Architectural Towers, LLC v. Town of Monroe Zoning Commission,
2001 WL 1829114 (D. Conn. 2001) ............................................................................. 6, 7

Cort v. Ash,
422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) ........................................................... 8

Mason v. O'Brien,
2002 WL 31972190 (N.D.N.Y. 2002) ......................................................................*passim*

McClellan v. Cablevision of Conn., Inc.,
149 F.3d 161 (2d Cir. 1998) ............................................................................................ 10

Omnipoint Communications, Inc. v. City of White Plains,
202 F.R.D. 402 (S.D.N.Y. 2001) ...................................................................................... 7

Sprint Spectrum, L.P. v. Mills,
65 F.Supp.2d 148 (S.D.N.Y. 1999) .................................................................................. 8

Touche Ross & Co. v. Redington,
442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979) ........................................................ 8

**Statutes**

47 U.S.C. § 332 ..........................................................................................................*passim*

C&F: 982823.6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEPHEN DRAGO, Individually and as Acting Chair and
President of "Neighborhoods Against Cell Towers,"

                        Plaintiffs,              08 Civ. 6356 (SCR) (LMS)

    - against -

JOHN S. GARMENT, Chairman, and STEPHEN A.
ALEXANDER, JOHN E. DURANTE, CASIMIRO V.
CIBELLI, ARNOLD BERNSTEIN, MICHAEL F. QUINN,
and JOHN J. IORIS, as Members of the Planning Board
of the City of White Plains; THE CITY OF WHITE PLAINS,
New York, and METROPCS NEW YORK, LLC,

                        Defendants.
------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiff Stephen Drago (the "Plaintiff"), individually and as acting chair and president of "Neighborhoods Against Cell Towers," impermissibly brings this action, which seeks to challenge the Special Permits and Site Plan Approvals (the "Approvals") granted by the City of White Plains Planning Board (the "Planning Board") allowing Defendant MetroPCS New York, LLC ("MetroPCS") to erect and operate its wireless telecommunications facility on the rooftop at 30 Lake Avenue, White Plains, New York (the "Premises"). However, Plaintiff has no standing to assert his claims because the plain language of the Telecommunications Act of 1996 as codified at 47 U.S.C. § 332 (the "TCA") provides no private right of action, either explicitly or implicitly, for a nonwireless provider/individual, such as Plaintiff, to contest determinations such as the Approvals by the Planning Board.

By way of background, Plaintiff has commenced this litigation as a purported resident of the Premises where MetroPCS has been approved by the Planning Board to construct a rooftop wireless telecommunications facility. MetroPCS is an established national wireless

telecommunications provider that is just now attempting to introduce its services to the customers in the New York greater metropolitan market pursuant to the advanced wireless telecommunications services license awarded by the Federal Communications Commission (the "FCC") authorizing MetroPCS to build out its wireless telecommunications network throughout Westchester County, which includes the City of White Plains and its surrounding areas.

Each of Plaintiff's claims for relief in the Complaint seeks to challenge the Planning Board's Approvals on the basis that the Planning Board allegedly did not follow the recommendations contained in what Plaintiff describes as "substantial scientific evidence" purporting to describe the alleged adverse health effects of wireless emissions as set forth in various studies undertaken by organizations in a number of foreign countries.[1] Yet, regardless of the specific nature of Plaintiff's claims, the fact of the matter is that even a cursory review of the TCA itself (and the applicable case law thereunder) immediately reveals that a private litigant such as Plaintiff <u>is</u> <u>not</u> permitted to challenge under the TCA a local government's approval of a wireless telecommunications service provider's application for the siting and construction of its wireless facility.

As explained in detail below, Congress enacted the TCA in order to <u>promote competition</u> and <u>reduce regulation</u> (*i.e.*, enable the placement and construction of wireless telecommunications facilities where necessary) with respect to the telecommunications industry so that service providers such as MetroPCS would be encouraged to rapidly deploy the newest mobile/wireless telecommunications tools in order for consumers to enjoy the latest technologies at favorable prices fostered by increased competition and widespread availability. In this vein,

---

[1] Plaintiff is also prosecuting a State court action in the New York State Supreme Court, Westchester County, against MetroPCS and the Board of Managers of the Condominium at the Premises, which is currently pending and designated as <u>Kaung et al. v. MetroPCS et al.</u>, Index No. 08/665. Although Plaintiff has sought to pursue several different avenues of judicial challenge to the wireless facility, it is readily apparent that a federal court action under the TCA is not a permissible avenue to do so.

C&F: 982823.6

the provisions of the TCA, which Plaintiff attempts to distort, make clear that Congress only created a private right of action for an aggrieved wireless telecommunications service provider where an application for the siting of its wireless facility is <u>denied</u> by a State or local government, *i.e.*, a determination by a State or local government that would tend to prohibit the provision of wireless services, thereby jeopardizing the twin aims of reducing regulation and increasing competition.

The plain language of the TCA itself shows that Congress <u>did</u> <u>not</u> intend to directly contradict its express objectives, and the text of the TCA itself, by implicitly allowing disgruntled private citizens who, although they regularly utilize the wireless/mobile telecommunications services and reap the benefits of increased competition and a full menu of advanced technologies to choose from, uncompromisingly demand that the very equipment necessary to provide such services not be located anywhere in their vicinity. As such, only a service provider can seek relief under the TCA from the Federal courts in the event that a State or local government <u>denied</u> an application for the siting of a wireless service facility or <u>discriminated</u> among the service providers. These are the exact words set forth in the TCA.

For the reasons set forth below, and in the accompanying supporting affidavit, the TCA does not afford Plaintiff a private right of action upon which all of Plaintiff's claims are predicated and therefore the Complaint should be dismissed in its entirety because Plaintiff has failed to set forth a claim upon which relief can be granted by this Court.

## STATEMENT OF FACTS

For a brief recitation of the facts, MetroPCS refers the Court to the accompanying Affidavit of Brian P. Galligan.

## ARGUMENT

### PLAINTIFF HAS NO STANDING UNDER THE TCA TO CHALLENGE THE PLANNING BOARD'S DETERMINATIONS GRANTING METROPCS A SPECIAL PERMIT AND SITE PLAN APPROVAL TO CONSTRUCT THE WIRELESS TELECOMMUNICATIONS FACILITY AT ISSUE IN THIS ACTION

Plaintiff's entire Complaint is predicated upon a purported private right of action for individuals pursuant to the TCA that, for the reasons set forth below, simply does not exist. As a result, Plaintiff's claims for relief must fail and should be dismissed in their entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**A. There Is No Explicit Private Right of Action Under the TCA For A Nonwireless Telecommunications Service Provider/Citizen Who Is Allegedly Aggrieved By The Determination Of A Local Zoning Board Allowing The Placement And Construction Of A Wireless Facility**

The provisions of the TCA, when properly read as a whole, make clear that subparagraph 332(c)(7)(B) only provides an express private right of action to a wireless telecommunications service provider who is adversely affected as a result of a State or local government either: (a) <u>denying</u> its application for the siting of a wireless service facility; or (b) where the service provider had been <u>discriminated</u> against by the State or local governmental body. This is made clear by a concurrent reading of the various provisions of subparagraph 332 (c)(7)(B), which in its entirety states that: "The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof...shall not unreasonably discriminate among <u>providers</u> of functionally equivalent services...and...shall not <u>prohibit</u> or have the <u>effect of prohibiting</u> the <u>provision</u> of

C&F: 982823.6

personal wireless services...Any decision by a State or local government or instrumentality thereof to <u>deny</u> a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence in a written record." *See* 47 U.S.C. § 332 (c)(7)(B)(i)(iii) (emphasis supplied).[2]

Section 704 of the TCA thereafter provides in relevant part that "[a]ny person adversely affected by any final action or failure to act by a State or local government or any

---

[2] For the Court's convenience, set forth below is the full text of the provisions of the TCA at issue herein:

(7) Preservation of Local Zoning Authority

(A) General Authority

Except as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government or instrumentality thereof over decisions regarding the placement, construction, and modification of personal wireless service facilities.

(B) Limitations

(i) The regulation of the placement, construction, and modification of personal wireless services facilities by any State or local government or instrumentality thereof:

(I) shall not unreasonably <u>discriminate</u> among <u>providers</u> of functionally equivalent services; and

(II) shall not <u>prohibit</u> or have the effect of <u>prohibiting</u> the <u>provision</u> of personal wireless services.

(ii) A State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request.

(iii) Any decision by a State or local government or instrumentality thereof to <u>deny</u> a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

(iv) No State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions to the extent that such facilities comply with the [FCC's] regulations concerning such emissions.

(v) Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within thirty (30) days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis. Any person adversely affected by an act or failure to act by a State or local government or any instrumentality thereof that is inconsistent with clause (iv) may petition the [FCC] for relief.

*See* 47 U.S.C. § 332 (c)(7)(A) and (B) (emphasis supplied).

5

instrumentality thereof that is inconsistent with this subparagraph may, within thirty (30) days after such action or failure to act, commence an action in any court of competent jurisdiction." *See* 47 U.S.C. § 332 (c)(7)(B)(v). In response to the Planning Board's determinations granting MetroPCS its Approvals at issue in this action, Plaintiff herein asserts that he and the members of his neighborhood coalition are "adversely affected parties" within the meaning of the TCA. However, Plaintiff fails to recognize that this provision of the TCA was intended only to provide a right for the <u>providers</u> of wireless telecommunications services to challenge a wrongful <u>denial</u> of a wireless facility application by a State or local government.

This is confirmed by the applicable caselaw. *See* <u>Mason v. O'Brien</u>, 2002 WL 31972190 (N.D.N.Y. 2002) ("As is apparent within the context of [the statute], subparagraph 332 (c)(7)(B)(v) provides a right of action to a person who is adversely affected because a State or local government has <u>denied</u> the application for the siting of a wireless service facility, or discriminated among <u>providers</u>.") (emphasis in original). *See also* <u>Connecticut Architectural Towers, LLC v. Town of Monroe Zoning Commission</u>, 2001 WL 1829114 (D. Conn. 2001) (the limitations of this subparagraph of the TCA expressly prohibit local governments from: "(1) unreasonably discriminating among <u>providers</u> of functionally equivalent services; and (2) <u>prohibiting</u> or having the effect of prohibiting the provision of personal wireless services.") (emphasis supplied).

In fact, subsection (v) of subparagraph 332 (c)(7)(B), the very provision upon which Plaintiff's entire case herein is premised, specifically states that: "Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof <u>that is inconsistent with this subparagraph</u> may, within thirty (30) days after such action or failure to act, commence an action in any court of competent jurisdiction." *See* 47 U.S.C. §

332 (c)(7)(B)(v) (emphasis supplied). Thus, as made clear by the plain language of the above-recited provisions of subparagraph 332 (c)(7)(B) to which subsection (v) specifically relates, an action inconsistent therewith, and one which would thereby affect a person giving rise to a private right of action, could only be one that <u>denies</u>, not grants, a <u>service provider's</u> wireless facility application. *See* <u>Mason</u>, 2002 WL 31972190 at *3; <u>Connecticut Architectural Towers</u>, 2001 WL 1829114 at *1 ("Section 332 provides for judicial review of any local decision <u>denying</u> a request to 'place, construct, or modify,' wireless service facilities.") (emphasis supplied). *See also* <u>Omnipoint Communications, Inc. v. City of White Plains</u>, 202 F.R.D. 402 (S.D.N.Y. 2001) (where a group of individuals sought to intervene in an action brought by a wireless telecommunications service provider against a municipality challenging the denial of its application to construct a wireless facility, the court held that "[t]he Congregation ha[d] no independent right of action under the TCA" to assert a claim objecting to the approval of the proposed facility).

Furthermore, the plain text of subparagraph 332 (c)(7)(A) of the TCA explicitly reserves to the State or local government complete authority over all decisions regarding the placement, construction, and modification of personal wireless service facilities <u>"[e]xcept as provided in this paragraph."</u> *See* 47 U.S.C. § 332 (c)(7)(A) (emphasis supplied). Therefore, the preemption of local authority, and the narrow scope of federal court review, is explicitly limited to decisions that <u>deny</u> applications for wireless facilities, *i.e.*, that which is expressly provided for in Section 332. *See* <u>Mason</u>, 2002 WL 31972190 at *3. Thus, for all of the foregoing reasons, the plain language of the statutory text is clear that there is no explicit private right of action under the TCA for a nonwireless telecommunications service provider/citizen such as Plaintiff to

challenge in federal court a determination of a local zoning board <u>allowing</u> the placement and construction of such a facility.[3]

B.  **There Is Similarly No Implied Private Right of Action Under the TCA For A Nonwireless Telecommunications Service Provider/Citizen Who Is Allegedly Aggrieved By The Determination Of A Local Zoning Board Allowing The Placement And Construction Of A Wireless Facility**

Just as there is no explicit private right of action under the TCA permitting Plaintiff to assert this action herein, there is similarly no implicit private right of action either. The framework by which a reviewing court should determine whether a federal statute such as the TCA implies a private right of action is found in the four-part test explained by the United States Supreme Court in <u>Cort v. Ash</u>, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). The <u>Cort</u> factors for the reviewing court to consider are as follows: (1) whether the statute was enacted to benefit a special class; (2) whether the drafters of the statute intended to create a private cause of action; (3) whether a private cause of action would be consistent with the purposes of the statute; and (4) whether the cause of action is one not traditionally relegated to the states. *See* <u>Cort</u>, 422 U.S. at 78; <u>Mason</u>, 2002 WL 31972190 at *4. All four factors militate strongly against inferring an implicit private right of action in this instance.

In expanding upon the <u>Cort</u> decision, the Supreme Court subsequently determined that the second factor, namely, evidence of Congressional intent, is in fact determinative of whether a private right of action can be implied in a federal statute where, as here, no explicit right exists. *See* <u>Conboy v. AT&T Corp.</u>, 241 F.3d 242 (2d Cir. 2001), *citing* <u>Touche Ross & Co. v. Redington</u>, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979) ("The Court thereafter instructed that the second factor -- Congressional intent -- is the critical inquiry."); <u>McClellan v. Cablevision of Conn., Inc.</u>, 149 F.3d 161 (2d Cir. 1998) (explaining that the other factors are

---

[3]    Plaintiff's distortion of the law, so as to create a private right of action under the TCA, would obviously open the floodgates for such cases to inundate the federal courts. There is no legal authority for such a proposition.

treated as proxies for Congressional intent); Bellsouth Communications, Inc. v. Town of Palm Beach, 252 F.3d 1169 (11th Cir. 2001) ("Opinions refining the Cort analysis have indicated that the focal point of the inquiry is the second factor, evidence of Congressional intent, and a court should search for such evidence primarily within the language and structure of the statute, as well as in the legislative history.").

Accordingly, a review of the preamble to the TCA establishes that Congress passed the "Act to promote competition and reduce regulation in order to secure lower prices and higher quality services for American telecommunications consumers and encourage the rapid deployment of new telecommunications technologies." *See* PL 104-104, February 8, 1996, 110 Stat. 56, Telecommunications Act of 1996. In this vein, the Second Circuit has similarly acknowledged the legislative history of the TCA establishing that Congress enacted the statute in order "to provide a pro-competitive, deregulatory national policy framework designed to accelerate private sector deployment of advanced telecommunications and information technologies and services…by opening all telecommunications markets to competition." *See* Cellular Telephone Company v. Town of Oyster Bay, 166 F.3d 490 (2d Cir. 1999), *quoting* H.R. Conf. Rep. No. 104-458, January 31, 1996, Telecommunications Act of 1996. *See also* Sprint Spectrum, L.P. v. Mills, 65 F.Supp.2d 148 (S.D.N.Y. 1999) ("Congress passed the Telecommunications Act in an effort to increase competition in the telecommunications industry by placing certain limitations on local authorities' regulation of the placement, construction, and modification of personal wireless services facilities.") (emphasis supplied). There was never any Congressional intent to create any new private right of action to disgruntled individuals who are vested with otherwise applicable State law rights.

Upon similarly reviewing the legislative intent behind the TCA, the First Circuit has also noted that Section 332 works like a scale that attempts to balance two objects of competing weight: on one arm sits the need to accelerate the deployment of telecommunications technology, while on the other arm rests the desire to preserve state and local control over zoning matters. *See* ATC Realty Corp. v. Town of Kingston, 303 F.3d 91 (1st Cir. 2002); Spectrum L.P. v. Willoth, 176 F.3d 630 (2d Cir. 1999) (the Second Circuit has explained that in the encouragement of the growth of a national wireless telecommunications infrastructure, "Congress chose to preserve all local zoning authority 'over decisions regarding the placement, construction, and modification of personal wireless service facilities...subject only to the limitations set forth in Section 332 (c)(7)(B)."). Again, there clearly was no intent to open the federal courts to private litigants to assert claims like those brought by Plaintiff in this action.[4]

Here, Plaintiff is a purported resident who objects to the Planning Board's Approvals for the placement and construction of MetroPCS's wireless telecommunications facility on the rooftop of the Premises. However, as set forth above, it is apparent that Congress' intent with respect to the TCA was solely to provide telecommunication service providers with a vehicle to challenge allegedly wrongful denials by local zoning boards of their applications for

---

[4] A consideration of Plaintiff's claims would not even register on the scale described by the Circuit Court. That is, the two competing interests to be balanced, as the Circuit Court noted, do not involve any private litigant's rights. Rather, the balance was between the municipalities' rights and the wireless providers' rights. Thus, there is no question that there is no implicit private right of action.

Moreover, allowing an individual such as Plaintiff to proceed would only tend to prohibit the deployment and provision of wireless telecommunications services where every private citizen seeking to enforce their "not in my backyard" mentality could challenge a local government's approval of a wireless service provider's application to construct a wireless facility. Here, prohibiting MetroPCS from constructing its wireless facility at the Premises on the basis of Plaintiff's unsubstantiated claims could potentially jeopardize the entire build out of a brand new advanced wireless telecommunications network in the greater metropolitan New York area, which would undeniably serve to provide new technologies to more customers and increase competition while lowering prices. Secondly, such a result would eviscerate any semblance of autonomy supposedly reserved in the local governments with respect to their review and approval of a service provider's application, while the courts would effectively impose new regulations regarding unsubstantiated health concerns in direct contravention of the unambiguous language of the TCA.

the placement and construction of wireless telecommunications facilities. The intent of Congress in passing this law was clearly not to create yet another forum in the federal courts for property owners to challenge local zoning decisions which they do not agree with. Private citizens' objections to a State or local governmental body's approval of the placement or construction of telecommunications facilities for any number of reasons should, and must, be timely presented before the State courts. Claims such as Plaintiff's herein are not recognized by the federal courts as they simply are not permitted to be brought under the TCA.

## CONCLUSION

For all of the reasons set forth above, and in the accompanying affidavit submitted herewith, MetroPCS respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and award MetroPCS such other and further relief as to the Court may seem just and proper, including but not limited to, MetroPCS's attorneys' fees, costs, and disbursements herein.

Dated: White Plains, New York
September 5, 2008

**CUDDY & FEDER** LLP
Attorneys for Defendant MetroPCS
445 Hamilton Avenue, 14th Floor
White Plains, New York 10601
(914) 761-1300 Tel.
(914) 761-5372 Fax

By: _____
Christopher B. Fisher (CF9494)
Brian P. Galligan (BG1669)